THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. B. B. GRANT.

No. 14,920     (89 Pac. 658.)

SYLLABUS BY THE COURT.

1. TRESPASS—*Treble Damages.* Treble damages are allowed under section 7862 of the General Statutes of 1901 for injury in value to the things therein mentioned by doing the acts thereto which are specified.

2. —————— *Statutory Damages Not Recoverable for Loss Resulting from Use of Thing Taken.* Treble the depreciation in the value of a farm cannot be recovered when the loss in value results not directly from the taking of gravel and soil therefrom but from the using and flooding of a portion of the land by reason of a dike, built in part on the farm and in part on adjoining land, with gravel and mold taken from the farm by a trespasser.

3. —————— *When Treble Damages May be Awarded.* If the

thing injured be an appurtenant to the land its value as such may be considered as the basis of recovery, but indirect injuries, caused by a trespass specified in the statute and by other causes not therein specified, cannot be trebled and recovered.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed March 9, 1907. Modified. Opinion denying a rehearing filed April 6, 1907.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*S. F. Wicker,* and *F. S. Jackson,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Grant filed his petition in the court below claiming treble damages against the defendant, and set forth two causes of action. In the first, after alleging his ownership of the land and other pertinent facts, he alleged the digging and carrying away of gravel, mold, soil, etc., by the company from his land, and made this claim for damages:

"That the lands of plaintiff and his said farm have been thereby injured by the digging up of said soil, clay and mold and the carrying away of the same and unfitting said lands for agricultural purposes, in the sum of $100. That plaintiff is entitled to treble damages for said injury, and demands payment of defendant therefor in the sum of $300."

These allegations are sufficient to set forth a cause of action for treble damages.

The following is the second cause of action as set forth: .

"Plaintiff refers to his first cause of action and makes the first twenty-two lines of the same a part of this cause of action to the same extent as if copied in full herein.

"Plaintiff further avers that the defendant, on or about the 17th day of March, 1904, the exact time of which plaintiff is unable to give, and for several weeks

prior thereto, did unlawfully and with force break and enter the premises of plaintiff, along the said right of way of said company, on the southeast quarter of said section thirty-five (35), and did then and there dig up the soil and gravel underlying the same and the clay and mold on said premises, and carried away the same onto the said right of way of said company, and did then and there construct on said right of way a dam or dike of the width of twelve to fifteen feet, and about six to eight feet high, and that said dike was continued across the said right of way of said company, on the east side of said road, the entire width of their right of way, except the space occupied by the rails and ties, and onto the premises of plaintiff, a distance of about 100 feet; and that said dam or dike has changed the regular course of said stream and one of its small tributaries, and greatly damaged and destroyed the value of a large tract of land north and south of said dike, to wit, an area of about ten to fifteen acres.

"That plaintiff's said lands and his said farm has been damaged thereby in the sum of $300.

"That all of said acts of said company were committed without the consent of plaintiff, and against his positive orders and instructions to defendant.

"That said acts of defendant were completed on the said 17th day of March, 1904, and that all of the acts of defendant in entering said premises prior to said time were a part of the one act and intention of defendant in constructing said dike or dam.

"That the plaintiff is entitled to treble damages for said injury, and demands payment of defendant therefor in the sum of $900.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $1200, and for the costs of this suit."

These facts constitute no additional cause of action for treble damages.

Upon the trial, after the introduction of the evidence, in relation to which no claim of error is made, the court instructed the jury, and the seventh instruction is challenged as erroneous. It reads:

"If the jury believe from the evidence that the defendant entered upon plaintiff's land and without his

consent wilfully dug up the soil, gravel under the same
and the clay and mold constituting the same and car-
ried the same or a part of the same away from such
premises onto the defendant's right of way, and
changed or attempted to change the channel of any
watercourse thereon, and constructed such dam or
dike substantially as alleged in said petition, then in
that event you are instructed that such conduct on the
part of the defendant would amount to wilful trespass,
and the plaintiff is entitled to recover treble the amount
of actual damages caused thereby to his real estate.
In case you determine from a preponderance of the
evidence that plaintiff is entitled to recover such dam-
ages you should ascertain the amount of his actual
damages, if any, by determining the difference, if any,
in the market value of his real estate immediately
before the injury occurred and the market value
thereof immediately after the injury occurred, and
your verdict should be treble such amount."

The jury returned a general verdict in favor of
plaintiff for $270, and also made the following special
findings of fact: .

"(1) Ques. Did the defendant railway company at-
tempt to change the natural channel of the creek or
stream upon the premises mentioned in plaintiff's pe-
tition? Ans. Yes, on the northeast quarter.

"(2) Q. If you answer the first question in the
affirmative, then please state whether defendant com-
pany succeeded in changing the natural channel of
said creek or stream. A. No.

"(3) Q. If you answer the first question in the
affirmative, then please state how much damage was
occasioned to the land of plaintiff by such attempt to
change the channel of said stream. A. No damage.

"(4) Q. Did the defendant railway company dig
out soil, gravel, clay and mold upon the said premises
for the purpose of building a dike upon part of de-
fendant's right of way, and part on the land of the
plaintiff? A. Yes.

"(5) Q. If you answer the fourth question in the
affirmative, then please state how much of said soil,
gravel, clay and mold was so taken from plaintiff's
said premises by the defendant. A. We do not know.

"(6) Q. If you answer the fourth question in the

affirmative, then please state what was the value of the soil, gravel, clay and mold so taken and received by said defendant. A. We do not know.

"(7) Q. Has plaintiff's land been damaged by the defendant railway company in attempting to change the channel of said stream or in building said dike? A. Yes.

"(8) Q. If you answer the seventh question in the affirmative, then please state in what said damage consists. A. In using and flooding said land.

"(9) Q. If you answer the seventh question in the affirmative, then please state the amount of damage to plaintiff's said land occasioned by the acts of the defendant in attempting to change the channel of said stream and to build said dike. A. $90.

"(10) Q. If you answer the first and seventh questions in the affirmative, then please state what was the reasonable market value of the land affected by the acts of said defendant before the change was made in said stream and in the building of the dike, and what is the reasonable market value since said change. A. $8000 before and $7910 after."

It will be observed from the answer to question No. 2 that the company did not succeed in changing the channel of the stream, and from the answer to No. 3 that Grant suffered no damage by the attempt so to do. Harmonizing these two findings with Nos. 7, 8 and 9, it will also be observed that the damages assessed are entirely for the building of the dike, and the damage is found under the second cause of action in the petition and not under the first cause set forth therein. The dike was built in part upon the company's right of way and in part upon Grant's land, and earth was taken from Grant's land to build the same.

Now is the damage caused by the building of this dike within the contemplation of the statute which imposes treble damages? We are constrained to answer in the negative. The statute reads:

"If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing,

being or growing on the land of any other person; or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, roots, fruits or plants; or cut down or carry away grass, grain, corn, flax or hemp in which he has no interest or right, standing, lying or being on land not his own; or shall knowingly break the glass or any part of it in any building not his own, the party so offending shall pay to the party injured treble the value of the thing so injured, broken, destroyed or carried away, with costs, and shall be deemed guilty of a misdemeanor, and shall be subject to a fine not exceeding five hundred dollars." (Gen. Stat. 1901, § 7862.)

The company contends that the statute, applied to this case, provides that damages allowed should be treble the *value* of the *thing* so injured, broken, destroyed or *carried away;* that is, that Grant was entitled to treble the value of the gravel, mold, etc., dug up and carried away from his land, and no amount of such damages was found by the jury.

On the other hand Grant contends that he is entitled to treble the *value* of the *thing injured* or *destroyed,* and that the thing injured is his entire tract of land. This also was evidently the theory of the court in giving the seventh instruction, *supra.*

The ordinary measure of damages for a trespass is compensation for the wrong or injury inflicted, and by imposing treble damages upon the wrong-doer the statute becomes penal and should be strictly construed.

The wording of the statute leaves nothing· for construction as to the objects sought to be protected from "cutting down," "taking up," "carrying away" or "breaking." The "thing" for the injury to which treble damages are recoverable from the trespasser is one of these objects, and is not a farm. The things enumerated are any tree, any lumber, rails or wood, any stones, ore or mineral, gravel, clay or mold, roots, fruits or plants, grass, flax or hemp, or glass. These things are all, or nearly all, appurtenant to the land, and are a part of the real estate, and probably their

value should be determined as such appurtenants and not after severance; still none of these things is a farm.

However, if the farm should be regarded as the thing injured, the injury contemplated by the statute as applied to this case should be the direct injury resulting from the taking up, quarrying or carrying away of the gravel, mold, etc., and not the indirect injury which may result from any use thereafter made of the substance taken. Injurious effects to the farm resulting from the building of the dike are not within the contemplation of the statute. Instruction No. 7 and the general verdict rendered thereunder are therefore erroneous. That Grant is entitled to the actual damages found is not questioned.

The case is remanded, with instructions to reduce the amount of the judgment to $90 and costs. The costs in this court are to be equally divided.

---

OPINION DENYING A PETITION FOR A REHEARING.

(89 Pac. 660.)

The opinion of the court was delivered by

SMITH, J.: Instruction No. 7 declared erroneous in the foregoing opinion was printed in full in the brief of the plaintiff in error and was claimed to be erroneous. In the brief of the defendant in error it was contended that the instruction is a proper statement of the law as applied to this case. A rehearing is now asked on the ground, with others, that no exception was taken to the giving of the instruction, which suggestion is now made for the first time. One or two other unimportant inaccuracies, for which the brief is responsible, are also urged. We are satisfied, however, that the propositions of law are correctly stated in the syllabus and opinion, and the motion for a rehearing is denied.